## Sharell v. Kane

*Anthony V. DeCello*, for plaintiffs.
*Francis J. Fornelli*, for defendant.

MCKAY, P. J., July 21, 1967.— Plaintiffs have moved the court for leave to take the deposition of Dr. Harriet Gillette in Burlington, Vermont, following the granting of a protective order directing plaintiffs not to take the deposition until leave of court had first been obtained. Defendant has moved that the court make an order requesting the payment of reasonable

expenses, including attorney's fees, in the event that the deposition is taken by oral examination as is contemplated.

Pennsylvania Rule of Civil Procedure 4003(a)(2) provides for the taking of such a deposition when the witness is more than 100 miles from the courthouse, as is true in the instant case, by leave of court on motion.

Since the witness in question is a physician whose testimony is necessary in order that plaintiffs may prove the case, which is a trespass action now pending in this court, the leave to take deposition should be granted.

Pa. R. C. P. 4008 provides that:

"If a deposition is to be taken by oral examination more than one hundred miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorney's fees as the court shall deem proper".

In determining the propriety of entering an order of the type here requested, the nature of the case, the importance of depositions, the financial status of the parties, the importance of crossexamination by trial counsel and the difficulty of briefing correspondent counsel are among the factors to be considered: Goodrich-Am. §4008-5.

We are informed by both counsel that the question of liability is not seriously challenged and that the principal issue will be the amount of damages. It is, therefore, important that defendant be represented by counsel at the taking of the deposition so as to crossexamine the principal medical witness for plaintiffs. We have been shown no facts which would lead us to believe that competent counsel could not be obtained in as large a city as Burlington, Vermont, who could adequately represent defendant at the deposition hearing. It is our opinion that the distance from Mercer County to the State of New Hampshire is too great

to warrant us making an order requiring plaintiffs to bear the fee and expense of defendant's local counsel traveling so great a distance in order to crossexamine the medical witness.

### ORDER

Now, July 21, 1967, the motion of plaintiffs for leave to take the deposition of Dr. Harriet Gillette in Burlington, Vermont, is granted. It is further ordered that defendant's motion for an order to require plaintiffs to pay defendant's local attorney's fees and expenses in traveling to Burlington is refused.

### AMENDED ORDER

Now, July 25, 1967, the order of court entered July 21, 1967, in the above entitled case is clarified and amended by adding thereto the following:

The portion of defendant's motion that requests an order to require plaintiffs to pay defendant's expense in obtaining corresponding counsel in Burlington, Vermont, to crossexamine plaintiffs' witness at the taking of the deposition is likewise refused.